UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | |
|---|---|
| KAIROS MANFORD PRIVATE EQUITY FUND I L.P., | Civil Action No. 25-cv-5866 |
| Petitioner, | |
| -against- | **PETITION TO CONFIRM ARBITRATION AWARD** |
| ZHENG XU, | |
| Respondent. | |

------------------------------------------------------------ x

Petitioner KAIROS MANFORD PRIVATE EQUITY FUND I L.P. ("Petitioner"), by and through its attorneys, Akerman LLP, for its Petition pursuant to the Federal Arbitration Act ("FAA") and the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. §9 and §§201 *et seq.*, against Respondent ZHENG XU ("Respondent"), alleges, upon knowledge as to itself and its own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF PROCEEDING**

1. This is a summary proceeding brought pursuant to the FAA and New York Convention to confirm the nondomestic Final Award of Arbitrator issued May 8, 2025 and delivered May 9, 2025 by the American Arbitration Association International Centre for Dispute Resolution ("ICDR") international arbitral tribunal (the "Final Award") to counsel for Petitioner and Respondent Zheng Xu ("Respondent" or "Xu"), in the commercial arbitration titled *Kairos Manford Private Equirty Fund 1 LP v. Zheng Xu*, ICDR Case No. 01-24-0005-6552 ("Arbitration"). The Final Award expressly incorporated the Partial Final Award issued March

6, 2015 and delivered March 7, 2025 by the ICDR international arbitral tribunal (the "Partial Final Award") to each counsel for Petitioner and Respondent.

2. A true and correct copy of the Final Award with ICDR transmittal email and letter is annexed hereto as **Exhibit 1**. A true and correct copy of the Partial Final Award is annexed hereto as **Exhibit 2** with transmittal email.

3. Pursuant to the Final Award, the ICDR international arbitral tribunal awarded Petitioner a total of $4,185,652.69 as against Respondent and directed Respondent to make payment within thirty (30) days of transmittal of the Final Award on May 8, 2025, which Respondent has not paid in any amount.

4. Petitioner is entitled to an Order confirming the Final Award pursuant to the FAA and New York Convention and entry of judgment thereon in an amount of no less than $4,185,652.69, together with pre-judgment interest, costs, and disbursements.

## PARTIES, JURISDICTION, AND VENUE

5. Petitioner Kairos Manford Private Equity Fund I LP is a British Virgin Islands Limited Partnership with its principal place of business located at 18101 Von Karman Avenue, Suite 1100, Irvine, California 92612, United States of America.

6. Respondent Zheng Xu is a natural person and citizen of Hong Kong. He is the founder, chairman, and chief executive officer of Missfresh Limited, an exempted company incorporated under the laws of the Cayman Island ("Missfresh"). Missfresh's principal place of business is 3rd Floor, Block A, Vanke Times Center, No. 9 Wangjing Street, Chaoyang District, Beijing 100016, People's Republic of China.

7. Petitioner and Respondent are signatories to the Put Option Agreement ("Agreement"), which was the contract in dispute in the Arbitration. A true and correct copy of the Agreement is annexed hereto **Exhibit 3**.

8. The Agreement contains the following arbitration agreement in Section 17 (the "Arbitration Clause"), which includes the parties' consent to personal jurisdiction in New York, New York, and that any proceeding to confirm the Award is governed by the New York Convention:

> Governing Law: Arbitration. This Agreement shall be governed and construed in accordance with the laws of the State of New York, United States of America, without regard to any principles of conflict of laws. Any controversy, dispute or claim arising out of or relating to this Agreement, or the breach, interpretation, or enforcement of this Agreement, shall be settled by binding arbitration administered by the International Center for Dispute Resolution ("ICDR") under its International Arbitration Rules (the "Rules"). The case shall be submitted to one (1) arbitrator selected in accordance with the Rules. The place of the arbitration shall be New York, New York, United States of America. The language of the arbitration shall be English. The final award shall be made within six (6) months of completion of arbitrator selection. Interim or provisional relief, including but not limited to preliminary injunctions and attachments, may be granted in aid of arbitration by any court having jurisdiction thereof. Any application for confirmation, enforcement or vacatur of the award shall be governed by the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Judgment on the award may be rendered by any court having jurisdiction thereof. Service of process in any such arbitration, litigation or other proceeding may be made by FedEx or similar express international courier, and the same shall constitute valid personal service for all purposes, each Party hereby waiving personal service by other means.

9. This Court has original jurisdiction over this application under 9 U.S.C. §203 because the proceeding falls under the New York Convention. Pursuant to 9 U.S.C. §202, the Final Award is a nondomestic arbitral award arising out of a commercial legal relationship because Petitioner is a citizen of the British Virgin Islands and Respondent is a citizen of Hong

3

Kong and the parties entered into the Agreement from which the dispute arose leading to the Final Award.

10. Venue is proper in this judicial district under 9 U.S.C. §204 because (i) the Arbitration Clause provides for the place of arbitration to be within this judicial district, *i.e.*, New York, New York, and (ii) the place of arbitration was New York, New York. Venue is also proper under 9 U.S.C. §9 because the Final Award was made in New York, New York.

11. This Court has personal jurisdiction over the Respondent because, by consenting to arbitration in New York, Respondent also consented to personal jurisdiction in New York on an action to confirm an award resulting from that arbitration. *See Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) ("A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction"); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos*, 553 F.2d 842, 844 (2d Cir. 1977) (An "agreement to resolve disputes by arbitration in New York constituted consent to personal jurisdiction in New York").

## STATEMENT OF FACTS

### The Agreement and Respondent's Failure to Perform

12. Petitioner is an investment fund formed and administered by Kairos Investment Management Company LLC ("KIMC"), a Delaware limited liability company with its principal place of business in Irvine, California. KIMC serves as the investment advisor for Petitioner.

13. Respondent is the founder, Chairman of the Board of Directors, and CEO of Missfresh, which he founded in 2015. Prior to 2015, he served as the general manager of the fruit business department of Lenovo Joyvio, and prior to that he served as the general manager of the notebook business group of Lenovo. Respondent received his bachelor's degrees in

information and computing science and business administration from the University of Science and Technology of China.

14. Missfresh is a China-based grocery retailer. Seeking to capitalize on the continued urbanization in China, growth of consumer disposable income, and increasing consumer demand for quality products and time-saving services, Missfresh operates an online-and-offline integrated on-demand retail business offering fresh produce and fast-moving consumer goods through the locations of its distributed mini warehouse ("DMW") network and technology-enabled DMW management.

15. In early 2021, Missfresh planned an IPO of 21 million American Depository Shares ("ADS"). On May 26, 2021, Missfresh held an investor presentation during which, *inter alia*, it was represented that Missfresh had a valuation of nearly $12 billion.

16. By June 24, 2021, Petitioner had purchased over $53 million in Series F shares which would automatically convert to Missfresh common shares upon the IPO.

17. On June 25, 2021, Missfresh went public at $3 billion. Within a couple weeks it was trading at less than $2 billion—far below the nearly $12 billion valuation touted during the May 26, 2021 investor presentation.

18. As a result of Missfresh's diminishing value, Petitioner and Respondent—in his personal rather than corporate representative capacity—entered into the Agreement on August 18, 2021, whereby Petitioner was provided the right to sell to Respondent approximately 3.2 million ADS (*i.e.*, "Put Shares"). Pursuant to the Agreement, if at any time prior to December 27, 2023 the closing sales price of ADS reflected Missfresh's market capitalization of less than $700 million for 120 consecutive trading days, Petitioner had the right to exercise its "Stockless Exercise Right" by delivering to Respondent a Stockless Exercise Notice ("Notice") specifying

5

its desire to exercise its right and the number of Put Shares for which Petitioner is exercising that right.

19. Upon receipt of the Notice, Respondent was required to pay to Petitioner a specified amount for the Put Shares no later than 90 trading days following receipt of the Notice. Under the terms of the Agreement, Respondent's personal obligation to pay upon the exercise of the Stockless Exercise Right was unequivocal.

20. The global law firm Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") negotiated the terms of the Agreement on Respondent's behalf and he consulted with one of the firm's Hong Kong-based partners, who speaks English and Mandarin and is admitted to practice law in New York and Hong Kong, about the Agreement.

21. On August 9, 2022, Petitioner sent to Respondent the Notice in full compliance with the terms of the Agreement, thereby fully performing under the Agreement.

22. On September 16, 2022, Respondent sent to Petitioner a response letter drafted by Skadden, which expressly acknowledged (i) the existence of the Agreement, (ii) Respondent's receipt of the Notice on September 6, 2022; (iii) Petitioner's performance under the Agreement, (iv) Respondent's obligation to pay to Petitioner $3,598,376 within 90 trading days of his receipt of the Notice, and (v) that said payment amount complied with the Agreement's payment cap at the time of the Notice.

23. Ninety trading days following Respondent's receipt of the Notice was January 13, 2023 and the required payment was never made.

### The Arbitration Award

24. Per the terms of the Agreement, Petitioner commenced the Arbitration by filing with the ICDR a Demand for Arbitration and Statement of Claim, each dated May 24, 2024

(collectively "Statement of Claim") under the Arbitration Rules of the International Dispute Resolution Procedures effective March 1, 2021.

25. On or about June 7, 2024, Petitioner served Respondent with a copy of the Statement of Claim pursuant to the terms of the Agreement.

26. As set forth in the Statement of Claim, Petitioner sought an award of: (a) $3,598,376 in monetary damages; (b) pre-award interest calculated thereon at 9% per annum from January 13, 2023 to the present; (c) reasonable attorneys' fees incurred in the Arbitration as the prevailing party pursuant to Section 19 of the Agreement; and (d) arbitration costs, including ICDR administrative fees and arbitrator compensation pursuant to Section 19 of the Agreement (the "Claims").

27. On or about July 11, 2024, Respondent, represented by the law firm of Stinson LLP, filed with the ICDR his Answer to Petitioner's Demand for Arbitration, in which he denies the material allegations set forth in the Statement of Claim, asserts affirmative defenses and requests dismissal of the Claims.

28. On or about July 15, 2024, the parties selected David C. Singer, Esq. as the sole arbitrator (the "Tribunal").

29. Subsequent to the selection of the Tribunal, the parties engaged in written and document discovery as well as exchanged witness lists and exhibit lists for the scheduled evidentiary hearing.

30. The evidentiary hearing was conducted before the Tribunal by videoconference via the Zoom online platform on January 13 and 14, 2025 where Respondent gave live testimony on the second day of the hearing.

31. On February 13, 2025, the parties exchanged and submitted to the Tribunal post-hearing briefs. The arbitration record was closed effective February 13, 2025.

32. The ICDR delivered the Partial Final Award to the parties on March 7, 2025. In the Partial Final Award, the Tribunal awarded the Petitioner (a) the principal amount of $3,598,376, (b) interest accrued thereon in the amount of $392,173.69, totaling $3,990,549.69; (c) reasonable attorneys' fees and expenses incurred in the Arbitration and (d) administrative fees of the ICDR and compensation of the Tribunal to be borne entirely by Respondent. The Partial Final Award set forth a schedule for Petitioner's submission of a fee application and Respondent's objections thereto.

33. Petitioner submitted to the Tribunal an affirmation in support of Petitioner's Fee Application, dated March 24, 2025.

34. In response, Respondent submitted to the Tribunal Respondent's Opposition to Petitioner's Fee Application, dated April 3, 2025.

35. The ICDR delivered the Final Award to parties on May 9, 2025. In the Final Award, the Tribunal (a) incorporated the Partial Final Award; (b) awarded Petitioner's attorneys' fees and expenses of $160,328.00; and (c) awarded administrative fees of the International Centre for Dispute Resolution totaling $21,825.00 to be borne by Respondent, and the compensation of the Tribunal totaling $25,900.00 to be borne by Respondent. Accordingly, the Tribunal awarded Petitioner a total of $4,185,652.69.

36. Petitioner has not made a prior application for the relief requested by this petition.

37. The Final Award is not the subject of any application to vacate or modify pursuant to the FAA or New York Convention.

## FIRST CAUSE OF ACTION
### (Confirmation of Final Award pursuant to the FAA and New York Convention)

38. Petitioner repeats and realleges the allegations set forth in paragraphs 1 to 37 as if fully set forth herein.

39. Petitioner served Respondent with notice of intention to arbitrate and Respondent fully participated in the Arbitration and was represented by the law firm of Stinson LLP throughout the entirety of the Arbitration.

40. The Tribunal held an evidentiary hearing where Respondent gave live testimony and issued the Partial Final Award and Final Award which set forth detailed reasoning based on the evidence and the law.

41. Petitioner has brought this action within three years of the ICDR's delivery of the Final Award on May 9, 2025.

42. No grounds for the denial of confirmation, vacating, or modifying the Final Award pursuant to the FAA and New York Convention exist.

43. By reason of the foregoing, Petitioner is entitled to an order confirming the Award pursuant to the FAA and New York Convention and entry of judgment thereon in an amount of no less than $4,185,652.69, together with pre-judgment interest, costs, and disbursements.

## DEMAND FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that the Court:

    (a)    Enter an Order confirming the Final Award;

    (b)    Award Petitioner pre-judgment interest of 9% per annum from the date of delivery of the Final Award, *i.e.*, May 9, 2025, until the date judgment is entered, plus costs and disbursements of this proceeding;

    (c)    Enter Judgment in favor of Petitioner against Respondent in an amount of no less than $4,185,652.69, together with pre-judgment interest, costs, and disbursements; and

    (d)    For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 17, 2025

**AKERMAN LLP**

By: *[signature: Steven M. C.]*

Steven M. Cordero, Esq.
Ethan K. Anderson, Esq.
1251 Avenue of the Americas, 37th Floor
New York, New York 10022
Tel. 212-880-3800
Fax. 212-880-8965
Email: steven.cordero@akerman.com
Email: ethan.anderson@akerman.com
*Attorneys for Petitioner Kairos Manford Private Equity Fund I L.P.*